UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
ODILMA B.,

                    Plaintiff,          REPORT & RECOMMENDATION
                                     7:22-cv-03198-KMK-GRJ

        v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
--------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

Plaintiff Odilma B.[1] applied for Disability Insurance Benefits and Supplemental Security Income ("SSI") benefits under the Social Security Act. The Commissioner of Social Security denied Plaintiff's applications for disability insurance benefits. Plaintiff, represented by Pierre Pierre Law, P.C., Eddy Pierre Pierre, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

This case was referred to the undersigned for a report and recommendation on March 17, 2023.

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

On May 11, 2023, the Court entered a Report and Recommendation recommending that this case be remanded for further administrative proceedings. (Docket No. 17).  The Honorable Kenneth M. Karas, United States District Judge, adopted the Report and Recommendation and ordered a remand on June 9, 2023. (Docket No. 20).

On September 5, 2023, this Court entered an Order approving a Stipulation Awarding Attorneys' Fees pursuant to the Equal Access to Justice Act ("EAJA"), in the amount of $10,000. (Docket No. 23). [2]

On remand, the Commissioner awarded Plaintiff benefits. (Docket No. 26-3).

Presently before this Court is Plaintiff's motion for attorneys' fees pursuant to 42 U.S.C. § 406 (b)(1). (Docket Nos. 24, 25, 26). The Commissioner neither supports nor opposes the motion. (Docket No. 27). For the reasons discussed below, the Court recommends that fees should be granted in the amount requested.

**DISCUSSION**

A.    *Standard of Review*

Section 406(b) provides, in pertinent part, as follows:

---

[2] Plaintiff's counsel received an EAJA award of $6,500 in an eariler appeal to District Court, making the total amount of EAJA fees received by counsel $15,275.00. (Docket No. 22, at ¶5).

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).

Therefore, as the Supreme Court of the United States has explained, "a prevailing [disability] claimant's [attorneys'] fees are payable only out of the benefits recovered; [and] such fees may not exceed 25 percent of past-due benefits." *Gisbrecht v. Barnhart*, 535 U.S. 789, 792, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).

If the claimant entered into a contingency fee agreement with counsel, the court applies Section 406(b) "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." *Id*. at 793.

"When considering a motion for attorney's fees pursuant to § 406(b), the court first determines whether it was timely made ... and then reviews the request for reasonableness." *Johnson v. Kijakazi*, 20-CV-2630 (BCM), 2022 WL 17718336, at *4 (S.D.N.Y. Dec. 15, 2022) (citation omitted).

*B.    Timeliness*

The timeliness of an attorneys' fees motion is generally governed by Federal Rule of Civil Procedure 54(d), which requires motions to "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i); *see also Sinkler v. Berryhill*, 932 F.3d 83, 88 (2d Cir. 2019) ("Once counsel receives notice of the benefits award ... there is no sound reason not to apply [Rule 54(d)'s] fourteen-day limitations period to a § 406(b) filing, just as it would apply to any other final or appealable judgment.").

The Second Circuit, however, has held that equitable tolling extends the filing limitation to fourteen days after "a party receives notice of a benefits calculation." *Id*. at 89. In particular, equitable tolling is appropriate where a benefits determination is remanded by the district court because "the Commissioner typically does not calculate the amount of past-due benefits until months after the district court remands, and § 406(b) caps attorney's fees at 25% of the benefits award." *Id*. at 87.

Thus,, "parties who must await the Commissioner's award of benefits on remand cannot be expected to file an application for attorney's fees that are statutorily capped by the amount of an as-yet-unknown benefits award." *Id*. at 88.

4

Here, the Notice of Award is dated May 25, 2024 (Docket No. 26-3), but Plaintiff's counsel did not receive it until November 5, 2025. (Docket No. 26, at ¶15). Counsel required additional information regarding Plaintiff's minor children, which was not received until December 5, 2025. (Docket No. 26, ¶17). Plaintiff filed this motion on December 7, 2025, two days later. (Docket No. 24). The Commissioner does not contest the timeliness of Plaintiff's motion. (Docket No. 27). Accordingly, the Court concludes that Plaintiff's motion for attorney's fees is timely.

## C.    Reasonableness

To determine whether a lawful contingent fee agreement is reasonable, the court considers factors such as the character of the representation, the results achieved, the ratio between the amount of any benefits awarded and the time expended, and any undue delay attributable to counsel that caused an accumulation of back benefits. *Gisbrecht*, 535 U.S. at 808; *see also Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022).

Plaintiff retained counsel and agreed that counsel would receive a contingency fee of twenty-five percent of any past due benefits obtained. (Docket No. 26-1). There is no evidence in the record that would give cause for concern as to the quality of counsel's representation or as to any delay attributable to counsel.

5

Plaintiff's counsel obtained a favorable result, including a remand for further proceedings and an award of benefits.  Plaintiff's counsel provided detailed time records showing a total of 49.37 hours expended in federal court. (Docket No. 22-3).  The Court finds the total hours reasonable. *See* B*ass v. Kijakazi*, 16 Civ. 6721 (JCM), 2022 WL 1567700, at *4 (S.D.N.Y. May 18, 2022) (internal quotations omitted)("District courts within this Circuit endorse a twenty to forty-hour range as reasonable for a typical Social Security disability appeal in federal court.")(collecting cases).

The amount sought by counsel ($37,861.45) translates into an effective hourly rate of $766.89, which is below "the range of effective hourly rates that have previously been deemed reasonable by courts in this Circuit." *Valle v. Colvin*, 13-CV-2876 (JPO), 2019 WL 2118841, at *3 (S.D.N.Y. May 15, 2019) (approving $1,079.72 hourly rate); *see also* Fields, 24 F.4th at 854 (approving $1,556.98 hourly rate); *Kazanjian v. Astrue*, No. 09 Civ. 3678 (BMC), 2011 WL 2847439, at *2 (E.D.N.Y. My 15, 2011) (approving $2,100 hourly rate); *Foley v. Kijakazi*, 20-CV-4231 (JLC), 2022 WL 17727642, at *3 (S.D.N.Y. Dec. 16, 2022) (approving $964.22 hourly rate).

Accordingly, under the totality of the circumstances, the Court finds that counsel's requested fee of $37,861.45 is reasonable under the

applicable legal standard, subject to the requirement that the fee award should be offset by the previous EAJA awards. *See Gisbrecht*, 535 U.S. at 796.

## CONCLUSION

For the reasons discussed above, the Court recommends that Plaintiff's application for fees should be granted in the total amount of $37,861.45, to be paid out of the amount withheld by the Commissioner from Plaintiff's past-due benefits.  In view of the previous award of EAJA fees, it is recommended that counsel also should be directed to refund $10,000.00 from those fees to Plaintiff.

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. *See also* Fed. R. Civ. P. 6(a), (b), (d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court. Any request for an extension of time to file objections or responses must be directed to the District Judge. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010).

Dated: December 23, 2025

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

8